IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CHARMANE SMITH,** <br><br> Plaintiff, <br><br> v. <br><br> **CLERKS OFFICE and USA,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:19-cv-00937-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br> Magistrate Judge Jared C. Bennett |

This case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, Magistrate Judge Jared C. Bennett is now assigned to preside over this action.[2] At the outset, the court notes that Plaintiff Charmane Smith ("Ms. Smith") is proceeding pro se in this case. Consequently, the court will construe Ms. Smith's pleadings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Ms. Smith has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Before the court is the review of Ms. Smith's complaint[4] under the authority of the IFP Statute.

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In

---

[1] ECF No. 5.
[2] ECF No. 6.
[3] ECF No. 3.
[4] ECF No. 4.

determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Ms. Smith is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which

> relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Even when the court liberally construes Ms. Smith's complaint, the court concludes that Ms. Smith has failed to provide enough well-pleaded factual allegations to support the claims for relief alleged in the complaint. Ms. Smith's complaint provides only conclusory allegations and fails to provide any sufficiently detailed factual allegations that would allow the court to determine whether Ms. Smith's claims should survive dismissal.

For those reasons, the court concludes that Ms. Smith's current complaint fails to state claims upon which relief can be granted. At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give [her] an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Accordingly, Ms. Smith is hereby provided with an opportunity to amend the current complaint in this action. Ms. Smith shall file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before July 30, 2020. Failure to do so will result in a recommendation to Judge Nielson that this action be dismissed.

DATED this 30th day of June, 2020.

BY THE COURT:

Jared C. Bennett
United States Magistrate Judge